IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALLEN RICHARD RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>C.O. STANLEY,<br><br>Defendant. | CV 25-54-BLG-DLC<br><br>ORDER |

Plaintiff Allen Richard Rodriguez filed an Amended Complaint alleging violations of his constitutional rights at Yellowstone County Detention Facility. (Doc. 7.) Rodriguez has taken no action to move this litigation forward and directed to show cause why this matter should not be dismissed for failure to prosecute. Fed. R. Civ. P. 41(b). (Doc. 20.) Mail to Rodriguez was returned as undeliverable. (Doc. 21.)

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019). The Court may dismiss a case on its own without awaiting a motion. *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005). In determining whether a Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh

1

the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Applied Underwriters, 913 F.3d at 890.* "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Rodriguez refuses to respond to court orders or update his address. Rodriguez's case has consumed judicial resources and time that could have been better spent on other matters. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. A rebuttable presumption of prejudice to respondents arises when a

plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Here, Rodriguez has not updated his address or shown any sign that he intends to continue with this litigation. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. This matter will be dismissed for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

Accordingly, IT IS ORDERED that:

1. This matter is dismissed pursuant to Federal Rule of Civil Procedure 41(b).

2. All pending motions are DENIED as moot and all pending deadlines are

VACATED.

3.  The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.

DATED this 17th day of December, 2025.

_____
Dana L. Christensen, District Judge
United States District Court